IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **D.C.,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **Fairfax County School Board,** *et al.* <br><br> **Defendants.** | Case No. 1:22-cv-01070 |

**VDOE DEFENDANTS' RESPONSE
TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Defendants, the Virginia Board of Education ("VDOE"), and Jillian Balow,[1] in her official capacity ("VDOE Defendants"), respond to Plaintiffs' Notice of Supplemental Authority as follows.

I. ***Luna Perez v. Sturgis Public Schools* Reaffirms That the IDEA's Exhaustion Requirement Applies to Plaintiffs Who Seek Relief Available Under the IDEA.**

Plaintiffs argue *Luna Perez v. Sturgis Public Schools*, 143 S. Ct. 859 (2023) excuses their failure to exhaust administrative remedies because "the administrative processes under IDEA cannot supply what Plaintiffs seek." (ECF No. 71-1 at 3). Plaintiffs, however, seek injunctive relief available under the IDEA to receive a free appropriate public education ("FAPE").

*Sturgis* applied the administrative exhaustion requirement under § 1415(*l*) of the Individuals with Disabilities Education Act ("IDEA") "*only* to suits that 'see[k] relief . . . also available under' IDEA." *Sturgis*, 143 S. Ct. at 864 (alterations and emphasis in original). Perez sought compensatory damages and not injunctive relief under the Americans with Disabilities Act ("ADA"). *Id.* at 862. The Supreme Court acknowledged that "a plaintiff who files an ADA action seeking both damages and the sort of equitable relief IDEA provides may find his request for equitable relief barred or deferred if he has yet to exhaust § 1415(f) and (g)." *Id.* at 865.

As *Sturgis* recognized, equitable remedies such as injunctive relief are available under the IDEA. *See, id.*; *G ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 309 (4th Cir. 2003). Section 1415(i)(2)(C) of the IDEA permits the Court to "grant such relief as the court determines is appropriate." Because Plaintiffs seek injunctive relief under the IDEA to receive FAPE, the IDEA's exhaustion requirements apply to Plaintiffs under *Sturgis*.

---

[1] Effective March 9, 2023, Ms. Balow resigned as Superintendent of Public Instruction.

1

## II.    **Plaintiffs Misinterpret *Sturgis* to Recast Previously Made Arguments.**

Plaintiffs misinterpret the scope of *Sturgis* to recast flawed arguments in their Opposition to VDOE Defendants' Motion to Dismiss.

***First***, Plaintiffs make a veiled "futility" argument, arguing that the procedures under the IDEA cannot address the "system-wide problems" alleged in the Amended Complaint. (ECF No. 71-1 at 3). But the *Sturgis* Court expressly rejected the parties' invitation to address the "futility exception" to exhaustion. *Sturgis*, 143 S. Ct. at 865-66. And VDOE's procedures provide Plaintiffs the opportunity to object to the appointment of a hearing officer within five days of the appointment. 8 Va. Admin. Code § 20-81-210(H)(3). If the special education hearing officer's ruling on the objection does not resolve it, "then within five business days of receipt of the ruling the party may proceed to file an affidavit with the Executive Secretary of the Supreme Court of Virginia. The failure to file a timely objection serves as a waiver of objections that were known or should have been known to the party." *Id.* § 20-81-210(H)(3)(a). Plaintiff M.B. does not even claim to have objected to the appointment of the hearing officer to his case, and therefore waived any such objection pursuant to 8 Va. Admin. Code § 20-81-210(H)(3)(a). And Plaintiff D.C. never alleges that he requested a due process hearing.

***Second***, Plaintiffs reiterate their argument that relief is somehow unavailable through due process proceedings because "VDOE effectively *controls* hearing officers." (ECF No. 71-1 at 3) (emphasis in original). Not only is *Sturgis* silent on this issue, but this statement is neither grounded in fact, nor law. Under 8 Va. Admin. Code § 20-81-210(B), "the impartial hearing officer system . . . is administered by the *Supreme Court of Virginia*." (emphasis added). The Supreme Court of Virginia's Office of Executive Secretary maintains the list of hearing officers. *Id.* § 20-81-210(C).

Accordingly, Plaintiffs' application of *Sturgis* lacks merit.

Dated: April 18, 2023                                          Respectfully submitted,

**MCGUIREWOODS LLP**

*/s/ Farnaz F. Thompson*
Farnaz F. Thompson (VSB No. 75892)
888 16th Street NW
Suite 500
Washington, DC 20006
Telephone: (202) 857-2488
Facsimile: (202) 828-3358
fthompson@mcguirewoods.com
*\*Counsel of Record for VDOE
and Jillian Balow, in her official capacity as
Superintendent of Public Instruction of
VDOE*

Jackie L. White (VSB No. 96317)
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
Telephone: (703) 712-5474
Facsimile: (703) 712-5206
jwhite@mcguirewoods.com

Brian D. Schmalzbach (VSB No. 88544)
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4746
Facsimile: (804) 698-2304
bschmalzbach@mcguirewoods.com

Amy E. Hensley (VSB No. 80470)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 371-2267
Facsimile: (804) 371-2087
ahensley@oag.state.va.us

Jason S. Miyares
Attorney General of Virginia

3

Steven G. Popps
Deputy Attorney General

Jacqueline C. Hedblom
Senior Assistant Attorney General/Chief

Deborah A. Love
Senior Assistant Attorney General/Chief

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th of April 2023, I filed a copy of this document using the Court's ECM/ECF filing system, which will send an electronic notification of the same (NEF) to counsel of record for the plaintiff.

> */s/ Farnaz F. Thompson*
> Farnaz F. Thompson (VSB No. 75892)
> MCGUIREWOODS LLP
> 888 16th Street NW
> Suite 500
> Washington, DC 20006
> Telephone: (202) 857-2488
> Facsimile: (202) 828-3358
> fthompson@mcguirewoods.com